IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTERNGECO, L.L.C.<br>*Plaintiff,* | §<br>§<br>§ | |
| V. | §<br>§ | C.A. NO. 4:22-CV-3080 |
| MAGSEIS FF LLC,<br>*Defendant.* | §<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant Magseis FF LLC gives notice pursuant to 28 U.S.C. §§ 1331, 1333, 1441 and 1446 that the civil action styled *WesternGeco, L.L.C. v. Magseis FF LLC, Cause No. 22-DCV-295787*, pending in the 458th Judicial District of Fort Bend County, Texas is removed to the United States District Court for the Southern District of Texas – Houston Division.

## I.
## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

1.  On August 5, 2022, WesternGeco began a civil action against Magseis when it filed a petition in *WesternGeco, L.L.C. v. Magseis FF LLC* under Cause No. 22-DCV-295787 in the 458th Judicial District of Fort Bend County, Texas.

2.  Attached as Exhibit A is a copy of the state-court electronic Case Summary/Docket Sheet.

3.  Attached as Exhibit B is a complete copy of all process, pleadings asserting causes of action, petitions, counterclaims, cross-actions, third-party actions, interventions and the answer to such pleadings currently filed in the Fort Bend County District court.

4.  Attached as Exhibit C is an index of all matters being filed.

5.  Attached as Exhibit D is a list of all counsel of record, including addresses and telephone numbers.

6. Removal is timely. Thirty days have not elapsed since service of the state-court petition upon Magseis and/or the removal was filed prior to trial.

7. This matter arises from an alleged breach of contract. Specifically, WesternGeco alleges that Magseis breached a letter agreement with WesternGeco. *See* Plaintiff's Original Petition at ¶¶ 22-27. The letter agreement is an addendum to a governing MSA between Eastern Echo DMCC (incorporated in the United Kingdom with a registered address in the United Arab Emirates) and Magseis Fairfield ASA (incorporated and doing business in Norway), which includes an Engagement 2 Service Order between affiliates of these companies. *See* Magseis' Answer, Exhibit A, p. 2.

8. WesternGeco seeks monetary relief of $16 million to $20 million. *See* Plaintiff's Original Petition at ¶¶ 26-27.

9. The MSA that incorporates and governs the letter agreement upon which WesternGeco sued is a maritime contract.

10. The MSA that incorporates and governs the letter agreement upon which WesternGeco sued contains a clause requiring that "[a]ny dispute arising out of or in connection with this Agreement shall be referred to arbitration in London in accordance with the Arbitration Act of 1996." *See* Magseis' Answer, Exhibit A, p. 30 of 82.

11. WesternGeco served Magseis with the Original Petition on August 10, 2022, and Magseis timely filed and served its Answer on September 6, 2022. The state-court docket sheet, and all other filings in the state-court matter are attached to this Notice as required by LR81 of the Local Rules of the United States District Court for the Southern District of Texas.

## II.
## BASIS FOR REMOVAL

12. Removal is proper under 28 U.S.C. §§ 1333 and 1331.

**Admiralty and Maritime Jurisdiction**

13. Pursuant to 28 U.S.C. §§ 1333, "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

14. A maritime contract for purposes of determining admiralty contract jurisdiction is one which concerns commerce at sea, related to commerce or to navigation on navigable waters. Whether a contract is a maritime contract depends upon the nature and character of the contract and whether it references maritime services or maritime transactions. *Norfolk So. Ry.Co. v. James N. Kirby, Pty Ltd.*, 125 S.Ct. 385 (2004).

15. The maritime contract at issue in this matter is a global agreement through which Eastern Echo DMCC and its affiliates sought to obtain marine seismic OBN [ocean bottom node] data. *See* Magseis' Answer, Exhibit A, p. 2 of 82. Eastern Echo DMCC agreed to purchase marine geological and seismic-acquisition services from Magseis Fairfield ASA. *Id.* These services include Magseis' provision of seismic vessels, equipment and crews for ocean-data acquisition worldwide. *Id.*

**Federal-Question Jurisdiction**

16. Pursuant to 28 U.S.C. §§ 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

17. An action falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") arises under the laws and treaties of the United States, and the U.S. district courts shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy. 9 U.S.C.A. § 203.

18. A maritime contract includes any matters in foreign commerce which, if the subject of controversy, would be embraced within admiralty jurisdiction. 9 U.S.C.A. § 1. An arbitration provision within a maritime contract is valid, irrevocable and enforceable. 9 U.S.C.A. § 2.

19. Pursuant to 9 U.S.C.A. § 202, an arbitration agreement arising out of a commercial legal or contractual relationship (including a transaction, contract, or agreement) falls under the Convention.

20. The maritime contract at issue contains the following arbitration clause, which falls under the Convention.

> **ARTICLE 32 – GOVERNING LAW AND DISPUTE RESOLUTION**
>
> 32.2 Any dispute arising out of or in connection with this Agreement shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any statutory modification or re-enactment thereof save to the extent necessary to give effect to this Article.

*See* Magseis' Answer, Exhibit A, p. 30 of 82.

## III.
## REMOVAL IS TIMELY

21. Magseis is filing this Notice of Removal within 30 days of service of WesternGeco's Original Petition, and thus removal is timely under 28 U.S.C. § 1446(b)(1). *Murphy Bros. v Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *Board of Regents v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007). Notice of Removal is also timely pursuant to 9 U.S.C.A. § 905.

## IV.
## VENUE IS PROPER IN THIS COURT

22. The United States District Court for the Southern District of Texas – Houston Division embraces the county in which the state-court action was filed. Accordingly, this case is properly removed to this Court under 29 U.S.C. § 1446(a) and 9 U.S.C.A. § 204.

## V.
## OTHER MATTERS

22. Attached hereto are all documents required by LR 81.1, USDC/SDTX Local Rules and 28 U.S.C. § 1446(a).

23. Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant Magseis FF LLC files this Notice, written notice of the filing will be given to Plaintiff WesternGeco, L.L.C.

24. Pursuant to 28. U.S.C. § 1446(d), after Defendant Magseis FF LLC files this Notice, a true and correct copy of same will be promptly filed with Fort Bend County District Court Clerk.

## VI.
## CONCLUSION

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1333. Defendant removes the civil action styled *Cause No. 22-DCV-295787, WesternGeco, L.L.C. v. Magseis FF LLC*, and pending in the 458th Judicial District Court of Fort Bend County, Texas, to the United States District Court for the Southern District of Texas – Houston Division.

Respectfully submitted,

*/s/ Candace A. Ourso*
CANDACE A. OURSO
Texas Bar No. 24008952
S.D. Tex. ID No. 23217
candace.ourso@kennedyslaw.com
848 Heights Boulevard
Houston, Texas 77007
T: 832.753.8062
F: 832.753.8079
**ATTORNEY-IN-CHARGE FOR**
**DEFENDANT MAGSEIS FF, LLC**

-OF COUNSEL:

KENNEDYS CMK, LLP

CALLIE MURPHY
State Bar No. 24041546
S.D. Tex. ID No. 913296
callie.murphy@kennedyslaw.com
C. DOUGLAS WHEAT
State Bar No. 21246600
doug.wheat@kennedyslaw.com
848 Heights Boulevard
Houston, Texas 77007
T:  832.753.8061
F:  832.753.8079

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2022, a true and correct copy of the foregoing has been served on all known counsel of record, in accordance with the Federal Rules of Civil Procedure.

*Candace A. Ourso*
Candace A. Ourso